**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Faraon ROBLEDO–RIVERA,**
**Defendant–Appellant.**

**No. 11–10630.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 7, 2012.*

Filed Nov. 14, 2012.

Jeffrey Daniel Martino, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Daniel Anderson, Law Office of Daniel Anderson, Tucson, AZ, for Defendant–Appellant.

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

**MEMORANDUM ****

Defendant–Appellant Robledo–Rivera appeals the district court's sentence of 63–months incarceration for illegal reentry in violation of 8 U.S.C. § 1326(a). Due to his 2004 conviction for robbery in Kentucky,

the district court computed a 16–level enhancement for defendant's prior "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A). This court reviews de novo whether a prior conviction is a "crime of violence" under U.S.S.G. § 2L1.2(b). *See United States v. Gonzalez–Perez,* 472 F.3d 1158, 1159 (9th Cir.2007).

The facts are known to the parties. Robledo–Rivera argues that the government has not proven its case because, in finding the sentence enhancement, the district court relied upon judicially-noticed documents that do not specifically cite the Kentucky robbery statute for which Robledo–Rivera was previously convicted. The district court found this deficiency unavailing for three reasons: that (1) robbery always involves the actual or threatened use of force, (2) Kentucky has a single robbery statute, which articulates a "crime of violence," and (3) robbery is generically enumerated as a "crime of violence" under U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii)(2005). AFFIRMED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.